**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **New Jersey**
(State)

Case number (*If known*): 25-_____ Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Country Club Manor Apts LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   __ __ – __ __ __ __ __ __ __

4. **Debtor's address**

   **Principal place of business**

   100    Franklin Square Drive
   Number    Street

   Suite 401

   Somerset          NJ        08873
   City              State     ZIP Code

   _____
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   1930    Woodslea Drive
   Number    Street

   _____

   Flint              MI        48507
   City              State     ZIP Code

5. **Debtor's website** (URL)    _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor  Country Club Manor Apts LLC                                    Case number *(if known)* 25-_____
        <sub>Name</sub>

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>❏ Partnership (excluding LLP)<br>❏ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br>❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>❏ Railroad (as defined in 11 U.S.C. § 101(44))<br>❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>■ None of the above<br><br>B. *Check all that apply:*<br>❏ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>___ ___ ___ ___ |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>❏ Chapter 7<br>❏ Chapter 9<br>■ Chapter 11. *Check **all** that apply*:<br>    ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ❏ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ❏ A plan is being filed with this petition.<br>    ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>    ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>    ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>❏ Chapter 12 |

Debtor  Country Club Manor Apts LLC  Case number (if known) 25-_____
        Name

| | | |
|---|---|---|
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ■ No<br>☐ Yes.  District _____  When __/__/____  Case number _____<br>                                       MM / DD / YYYY<br>       District _____  When __/__/____  Case number _____<br>                                       MM / DD / YYYY |
| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>■ Yes.  Debtor  See Schedule 1      Relationship  Affiliate<br>       District  New Jersey           When  05 / 19 / 2025<br>                                           MM / DD / YYYY<br>       Case number, if known _____ |
| 11. | **Why is the case filed in *this district*?** | *Check all that apply:*<br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>                Number    Street<br>_____<br>_____   _____<br>City                        State ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>       Contact name _____<br>       Phone _____ |

**Statistical and administrative information**

Debtor  Country Club Manor Apts LLC  Case number (*if known*) 25-_____
    Name

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:* ☒ Funds will be available for distribution to unsecured creditors.  ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |
| **14. Estimated number of creditors (on a consolidated basis)** | ☐ 1-49  ☐ 50-99  ☒ 100-199  ☐ 200-999 | ☐ 1,000-5,000  ☐ 5,001-10,000  ☐ 10,001-25,000 | ☐ 25,001-50,000  ☐ 50,001-100,000  ☐ More than 100,000 |
| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000  ☐ $50,001-$100,000  ☐ $100,001-$500,000  ☐ $500,001-$1 million | ☐ $1,000,001-$10 million  ☐ $10,000,001-$50 million  ☐ $50,000,001-$100 million  ☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion  ☐ $1,000,000,001-$10 billion  ☐ $10,000,000,001-$50 billion  ☐ More than $50 billion |
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000  ☐ $50,001-$100,000  ☐ $100,001-$500,000  ☐ $500,001-$1 million | ☐ $1,000,001-$10 million  ☐ $10,000,001-$50 million  ☐ $50,000,001-$100 million  ☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion  ☐ $1,000,000,001-$10 billion  ☐ $10,000,000,001-$50 billion  ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10/06/2025
              MM / DD / YYYY

✗ Elizabeth A. LaPuma                    Elizabeth A. LaPuma
Signature of authorized representative of debtor    Printed name

Title  Authorized Signatory

Debtor  Country Club Manor Apts LLC  
Name

Case number (if known) 25-_____

18. **Signature of attorney**    ✗ Andrew Zatz    Date  10/06/2025
Signature of attorney for debtor    MM / DD / YYYY

Andrew Zatz  
Printed name

White & Case LLP  
Firm name

1221    Avenue of the Americas  
Number    Street

New York    NY    10020  
City    State    ZIP Code

(212) 819-8200    azatz@whitecase.com  
Contact phone    Email address

003672012    NJ  
Bar number    State

## Schedule 1

### Affiliated Entities

On May 19, 2025 and August 17, 2025, each of the affiliated entities listed below (collectively, the "**Initial Debtors**") filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended. The Initial Debtors' cases are currently pending before the Court and are jointly administered under Case No. 25-15343 (MBK).

|     | Debtor |
| --- | --- |
| 1.  | CBRM Realty Inc. |
| 2.  | Crown Capital Holdings LLC |
| 3.  | Kelly Hamilton Apts LLC |
| 4.  | Kelly Hamilton Apts MM LLC |
| 5.  | RH Chenault Creek LLC |
| 6.  | RH Copper Creek LLC |
| 7.  | RH Lakewind East LLC |
| 8.  | RH Windrun LLC |
| 9.  | RH New Orleans Holdings LLC |
| 10. | RH New Orleans Holdings MM LLC |
| 11. | Laguna Reserve Apts Investor LLC |

On October 5, 2025, each of the affiliated entities listed below (collectively, the "**Subsequent Debtors**") filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended. The Subsequent Debtors seek consolidation of their chapter 11 cases for procedural purposes only and joint administration with the Initial Debtors' chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

|     | Debtor |
| --- | --- |
| 1.  | Alta Sita Apts LLC |
| 2.  | Ashland Manor Apts MM LLC |
| 3.  | Bellefield Dwelling Apts LLC |
| 4.  | Bergenfield Investors LLC |
| 5.  | Campus Heights Apts Owner LLC |
| 6.  | Campus Heights Apts LLC |
| 7.  | Campus Heights Apts MM LLC |
| 8.  | Carriage House Apts LLC |

| 9.  | Country Club Manor Apts LLC |
|-----|------------------------------|
| 10. | Creekwood Apartments LLC |
| 11. | Creekwood Apartments MM LLC |
| 12. | Crown Capital Partners LLC |
| 13. | Crown Capital Holdings SPV LLC |
| 14. | Evergreen Apts LLC |
| 15. | Evergreen Apts Partner LLC |
| 16. | Evergreen Regency Townhomes, LTD |
| 17. | Forrester Apartments LLC |
| 18. | Forrester Apartments MM LLC |
| 19. | Gallatin Apts LLC |
| 20. | Gallatin Apts MM LLC |
| 21. | Geneva House Apts LLC |
| 22. | Geneva House Apts MM LLC |
| 23. | Green Meadow Apts LLC |
| 24. | Homewood House Apts Investor MM LLC |
| 25. | Homewood House Apts Investor LLC |
| 26. | Homewood House Apts LLC |
| 27. | Lucas Urban Holdings LLC |
| 28. | Mon View Apts LLC |
| 29. | Mon View Apts MM LLC |
| 30. | Palisades Apts LLC |
| 31. | Palisades Apts MM LLC |
| 32. | RAYLBNT LLC |
| 33. | RNBF Holdings LLC |
| 34. | RSBRM Apts LLC |
| 35. | Slidell Apartments LLC |
| 36. | Stonebridge Partner LLC |
| 37. | Sycamore Meadows Apartments, LTD |
| 38. | Sycamore Meadows Apts Partner LLC |
| 39. | Valley Royal Court Apts LLC |
| 40. | Valley Royal Court Apts MM LLC |
| 41. | Woodside Village Owner LLC |
| 42. | Woodside Village Investor LLC |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Country Club Manor Apts LLC, | Case No. 25-_____ (___) |
| Debtor. | (Joint Administration Requested) |

## LIST OF MEMBERS[1]

| Member | Address of Member | Percentage of Membership Interest Held |
|---|---|---|
| Country Club Manor Apts Investor LLC | 100 Franklin Square Drive Suite 401 Somerset, NJ 08873 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All membership positions listed indicate the record holder of such membership interest as of the date commencement of the chapter 11 case.

IN THE UNITED STATES BANKRUPTCY COURT
FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| Country Club Manor Apts LLC, | ) Case No. 25-_____ (___) <br> ) |
| Debtor. | ) (Joint Administration Requested) <br> ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following debtor identifies the following entities, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Member | Approximate Percentage of Membership Interest Held |
|---|---|
| Country Club Manor Apts Investor LLC | 100% |

**Fill in this information to identify the case:**

Debtor name: Crown Capital Holdings LLC

United States Bankruptcy Court for the: District of New Jersey (State)

Case number (If known): 25-15351

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Customers Bank | Attn: James Millar<br>Tel: (212) 248-3264<br>james.millar@faegredrinker.com | Unsecured Notes | | | | $41,500,000 |
| 2 | Federated Insurance Companies | Attn: James Millar<br>Tel: (212) 248-3264<br>james.millar@faegredrinker.com | Unsecured Notes | | | | $32,000,000 |
| 3 | Cincinnati Financial | Attn: James Millar<br>Tel: (212) 248-3264<br>james.millar@faegredrinker.com | Unsecured Notes | | | | $29,000,000 |
| 4 | Sagicor Life Insurance | Attn: James Millar<br>Tel: (212) 248-3264<br>james.millar@faegredrinker.com | Unsecured Notes | | | | $16,000,000 |
| 5 | AQS LLC | Attn: James Millar<br>Tel: (212) 248-3264<br>james.millar@faegredrinker.com | Unsecured Notes | | | | $12,000,000 |
| 6 | Adams Bank and Trust | Attn: Bruce Morgan<br>bruce@galacticlitigation.com | Unsecured Notes | | | | $12,000,000 |
| 7 | Bar Harbor Bank & Trust | Attn: James Millar<br>Tel: (212) 248-3264<br>james.millar@faegredrinker.com | Unsecured Notes | | | | $9,000,000 |
| 8 | CFBank | Attn: James Millar<br>Tel: (212) 248-3264<br>james.millar@faegredrinker.com | Unsecured Notes | | | | $7,000,000 |

Modified Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    page 1

Debtor  Crown Capital Holdings LLC
        _Name_

Case number (*if known*) 25-15351

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Thompson Investment Management | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $7,000,000 |
| 10 | NexBank | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $7,000,000 |
| 11 | LL Funds | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $4,750,000 |
| 12 | First Dakota Financial Corporation | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $3,000,000 |
| 13 | NFC Investments | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $3,000,000 |
| 14 | Calamos Advisors LLC | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $3,000,000 |
| 15 | Catalyst Property Solutions | Attn:Attn: Paula Forshee 28725 Robinson Road, Conroe, TX 77585 Tel: (832) 582-8127 | Property Management Services | CUD | | | Undetermined |
| 16 | Premier Property Management LLC | Attn: Jennifer K. Green jgreen@clarkhill.com (901) 751-7979 | Property Management Services | CUD | | | Undetermined |
| 17 | Tarantino Properties | Attn: Sal Thomas Tel: (713) 974-4292 sal@tarantino.com | Property Management Services | CUD | | | Undetermined |
| 18 | New York State Department of Taxation and Finance | New York State Dept of Taxation and Finance Bankruptcy Section PO Box 5300 Albany NY 12205-0300 | Taxes | CUD | | | Undetermined |
| 19 | The City of Tuscaloosa, Alabama | Attn: Robert Potter Tel: (205) 879-9661 robert@mannpotter.com | Litigation Party | CUD | | | Undetermined |
| 20 | Alabama State Court Action Plaintiffs | Attn: Scott B. Holmes Telephone: (205) 248-5140 Fax: (205) 349-0328 sholmes@tuscaloosa.com | Litigation Party | CUD | | | Undetermined |

Modified Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    page 2

Debtor  Crown Capital Holdings LLC　　　　　　　　　　Case number (*if known*) 25-15351
　　　　　Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | WD CVFG Holdco, LLC 7272 Wisconsin Avenue, Suite 1300, Bethesda, MD 20814. | Attn: Christian A. Pereyda (205) 254-1000 cpereyda@maynardnexsen.com | Litigation Party | CUD | | | Undetermined |
| 22 | Trigild IVL, LLC | Attn: Ian Lagowitz 8111 Douglas Avenue, Suite 600, Dallas, TX 75225 (214) 422-2365 | Property Receiver | CUD | | | Undetermined |
| 23 | Specialized Real Estate Services | 3748 N. Causeway Blvd Suite 301 (504) 237-4404 | Property Receiver | CUD | | | Undetermined |
| 24 | Paula Forshee of Catalyst Property Solutions LLC | Attn: Paula Forshee 28725 Robinson Road, Conroe, TX 77385 Tel: (832) 582-8127 | Property Receiver | CUD | | | Undetermined |
| 25 | Cleveland International Fund | Attn: Adam Blackman (216) 245-0606 Blackman@clevelandinternationalfund.com | Property Receiver | CUD | | | Undetermined |
| 26 | Ian Lagowitz of Trigild, Inc | Attn: Ian Lagowitz 8111 Douglas Avenue, Suite 600, Dallas, TX 75225 (214) 422-2365 | Property Receiver | CUD | | | Undetermined |
| 27 | David M. Browning | Attn: David M. Browning (216) 687-1800 david.browning@cbre.com | Property Receiver | CUD | | | Undetermined |
| 28 | Salvatore A. Thomas of Tarantino Properties, Inc. | Attn: Sal Thomas Tel: (713) 974-4292 sal@tarantino.com | Property Receiver | CUD | | | Undetermined |
| 29 | Internal Revenue Service Centralized Insolvency Operation P.O. Box 7346 Philadelphia, PA 19101-7346 | Internal Revenue Service Centralized Insolvency Operation P.O. Box 7345 Philadelphia, PA 19101-7346 | Taxes | CUD | | | Undetermined |
| 30 | U.S. Department of Housing and Urban Development | Attn: Teresa Cline teresa.cline@hud.gov | Federal Housing Vouchers and Other Payments | CUD | | | Undetermined |

# RESOLUTIONS OF THE INDEPENDENT FIDUCIARY

## Dated October 6, 2025

After due deliberation, the undersigned, being the independent fiduciary and/or authorized signatory of Country Club Manor Apts LLC (the "**Company**"), does hereby consent to, adopt, and approve the following resolutions pursuant to the operating agreement of the Company (as amended or amended and restated to date) and the laws of the state of Delaware:

### Chapter 11 Filing

**WHEREAS**, pursuant to the written consent of the sole member of Crown Capital Holdings LLC ("**Crown Capital**"), dated as of September 26, 2024, and that certain omnibus written consent dated December 9, 2024, Elizabeth A. LaPuma was appointed as the sole manager of Crown Capital (the "**Independent Fiduciary**");

**WHEREAS**, on September 5, 2025, the Bankruptcy Court entered an order [Docket No. 525] confirming the *Amended Joint Chapter 11 Plan of CBRM Realty Inc. and Certain of Its Debtor Affiliates (with Technical Modifications)* (the "**CBRM Plan**");

**WHEREAS**, pursuant to Article IV.G of the CBRM Plan, Crown Capital has the "authority to act on behalf of any Entity directly or indirectly owned by Crown Capital . . . under the sole and exclusive authority of the Independent Fiduciary";

**WHEREAS**, the Independent Fiduciary has had the opportunity to consult with the Company's financial and legal advisors and fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, the Company has secured a senior secured, superpriority debtor-in-possession credit facility (the "**DIP Facility**") to fund the Company's operations in the ordinary course, fund the administration of the Chapter 11 Case, and pay the claims of certain vendors and other stakeholders in the ordinary course of business during the Chapter 11 Case;

**WHEREAS**, based on a review of all available information regarding the terms of the DIP Facility, the Independent Fiduciary believes that the Company will obtain benefits from the DIP Facility and that it is advisable and in the best interests of the Company to enter into the DIP Facility and to execute loan documents in connection therewith and to perform its obligations thereunder;

**WHEREAS**, based on a review of all available information regarding the Company, the Independent Fiduciary deems it advisable and in the best interests of the Company, its creditors, and other stakeholders to take all other actions specified in the following resolutions; and

**WHEREAS**, the Independent Fiduciary believes it is in the best interests of the Company to commence a case under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**NOW, THEREFORE, BE IT,**

### Commencement of Chapter 11 Case

**RESOLVED**, that in the business judgment of the Independent Fiduciary, it is desirable and in the best interests of the Company, its creditors, and other parties in interest to file, or cause to be filed, a voluntary petition for relief (the "**Chapter 11 Case**") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**") and

any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and to take any and all actions, that the Independent Fiduciary deems necessary or appropriate.

**RESOLVED**, that the Independent Fiduciary (the "**Authorized Signatory**") is hereby authorized, empowered, and directed, with the assistance of the Company's advisors, to execute and file on behalf of the Company all petitions, schedules, lists and other motions, applications, pleadings, papers, or documents, and to take any and all actions that the Independent Fiduciary deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business and in connection with the Chapter 11 Case, with a view to the successful prosecution of the case.

**Retention of Professionals**

**RESOLVED**, that the Authorized Signatory is hereby authorized and directed to employ the law firm of White & Case LLP ("**W&C**") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of W&C in accordance with applicable law.

**RESOLVED**, that the Authorized Signatory is hereby authorized and directed to employ the law firm of Cole Schotz P.C. ("**Cole Schotz**") as co-bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Cole Schotz in accordance with applicable law.

**RESOLVED**, that the Authorized Signatory is hereby authorized and directed to employ the firm of IslandDundon LLC ("**IslandDundon**") as restructuring advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Signatory is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of IslandDundon in accordance with applicable law.

**RESOLVED**, that the Authorized Signatory is hereby authorized and directed to employ the firm of Hilco Real Estate, LLC ("**Hilco**") as real estate advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Signatory is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Hilco in accordance with applicable law.

**RESOLVED**, that the Authorized Signatory is hereby authorized and directed to employ Omni Agent Solutions, Inc. ("**Omni**") as notice, claims, solicitation, and balloting agent in connection with the

Chapter 11 Case; and in connection therewith, the Authorized Signatory is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Omni in accordance with applicable law.

**RESOLVED**, that the Authorized Signatory is hereby authorized to retain any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**DIP Facility**

**RESOLVED**, that in the business judgment of the Independent Fiduciary, it is desirable and in the best interests of the Company, its creditors, and other parties in interest for the Company to enter into the DIP Facility and to finalize, execute, and deliver a credit agreement.

**RESOLVED**, that the Authorized Signatory be and hereby is empowered, authorized and directed, to cause the Company to negotiate, execute and deliver a credit agreement and other loan documents, in such form and with such changes or amendments (substantial or otherwise) thereto as the Authorized Signatory may deem necessary, desirable or appropriate.

**RESOLVED**, that that the Authorized Signatory be and hereby is empowered, authorized and directed to take all such further actions which shall be necessary, proper or advisable to cause the Company to perform its obligations in connection with the DIP Facility and to carry out fully the intent of the foregoing resolutions.

**Stalking Horse Transaction Agreements**

**RESOLVED**, that it is in the best interests of the Company to enter into a stalking horse purchase agreement (the "**Group A Stalking Horse Transaction Agreement**") with Nexus DIP Financing LLC with respect to the "Group A Properties" as contemplated under that certain Binding Term Sheet for Senior Secured, Superpriority Debtor-in-Possession Financing, dated as of October 1, 2025 (the "**DIP Term Sheet**");

**RESOLVED**, that it is in the best interests of the Company to enter into a stalking horse purchase agreement (the "**Group B Stalking Horse Transaction Agreement**" and, together with the Group A Stalking Horse Transaction Agreement, the "**Stalking Horse Transaction Agreements**") with LAGSP, LLC, or an affiliate thereof, with respect to the "Group B Properties" as contemplated under the DIP Term Sheet.

**RESOLVED**, that the Authorized Signatory be, and hereby is, authorized, empowered, and directed to enter into, execute, and deliver the Stalking Horse Transaction Agreements on behalf of the Company, subject to the Company receiving higher or better offers through a court-supervised auction process.

**RESOLVED**, that the Authorized Signatory be, and hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all schedules, lists, and other motions, papers, or documents, and any other agreements or amendments related thereto or required thereby in respect of the sale of the Group A Properties and the Group B Properties, and to take any and all actions that the Authorized Signatory deems necessary or advisable to effect a sale transaction.

**General**

**RESOLVED**, that the Authorized Signatory is hereby authorized and empowered, on behalf of and in the name of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions.

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatory, the Authorized Signatory (and its designees and delegates) is hereby authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in the Authorized Signatory's judgment shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Independent Fiduciary.

**RESOLVED**, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Signatory to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

**RESOLVED**, that the Authorized Signatory (and its designees and delegates) is hereby authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as the Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

IN WINESS WHEREOF, the undersigned has executed these omnibus resolutions as of the date first above written.

**CROWN CAPITAL HOLDINGS LLC**

**As Managing Member of Country Club Manor Apts Investor LLC, the Sole Member of Country Club Manor Apts LLC**

By: _/s/ Elizabeth LaPuma_

Name:  Elizabeth LaPuma

Title:   Authorized Signatory

| Fill in this information to identify the case and this filing: |
|---|

Debtor Name __Country Club Manor Apts LLC__

United States Bankruptcy Court for the: _____    District of __New Jersey__
(State)

Case number (*If known*): __25-_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Corporate Ownership Statement and List of Equity Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __10/06/2025__            ✗ __Elizabeth A. LaPuma__
MM / DD / YYYY                              Signature of individual signing on behalf of debtor

__Elizabeth A. LaPuma__
Printed name

__Authorized Signatory__
Position or relationship to debtor

Official Form 202            **Declaration Under Penalty of Perjury for Non-Individual Debtors**